MCGREGOR W. SCOTT
United States Attorney
ALSTYN BENNETT
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:20-cr-00121-CKD |
| | ) | |
| Plaintiff, | ) | STIPULATION AND ORDER TO VACATE |
| | ) | STATUS CONFERENCE, SET JURY |
| v. | ) | TRIAL, AND EXCLUDE TIME UNDER |
| | ) | THE SPEEDY TRIAL ACT |
| TODD R. BENTLEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | DATE:  September 17, 2020 |
| | ) | TIME:  9:30 a.m. |
| | ) | JUDGE: Hon. Carolyn K. Delaney |
| | ) | |

_____

This case was previously set for a status conference on September 17, 2020. On March 17, 2020, this Court issued General Order 611, which suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which extended the suspension of all jury trials until further notice.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness

with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the jury trial. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

The United States of America, by and through its counsel of record, and defendant, by and through its counsel of record, stipulate as follows:

1.   By previous order, this matter was scheduled for a status conference on September 17, 2020 at 9:30 a.m.

2.   Since the initial appearance, the defendant has indicated that he would like to set this matter for a jury trial.

3.   By this stipulation, the parties now jointly move to vacate the status conference and set a jury trial for January 14, 2021 at

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

9:30 a.m., and to exclude time between September 17, 2020, and January 14, 2021, under Local Code T4.

4.   The parties agree and stipulate, and request that the Court find the following:

a)   The government has represented that the discovery associated with this case includes investigative reports and related documents in electronic form. This discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)   The government has represented that video of the incident is forthcoming.

c) Counsel for defendant desires additional time as new Certified Law Students have joined the trial team as of September 1, 2020, and as such need additional time to prepare this case for trial, including reviewing discovery and the history of this case, interviewing witnesses, and meeting with the client.

d) Counsel for both parties believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date

1   prescribed by the Speedy Trial Act.

2         g) For the purpose of computing time under the Speedy Trial

3   Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the

4   time period of September 17, 2020 to January 14, 2021, inclusive, is

5   deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(iv)

6   [reasonable time to prepare] because it results from a continuance

7   granted by the Court at defendant's request on the basis of the

8   Court's finding that the ends of justice served by taking such action

9   outweigh the best interest of the public and the defendant in a

10  speedy trial.

11        4.    Nothing in this stipulation and order shall preclude a

12  finding that other provisions of the Speedy Trial Act dictate that

13  additional time periods are excludable from the period within which a

14  trial must commence.

15        IT IS SO STIPULATED.

16

17  DATED: September 16, 2020        MCGREGOR W. SCOTT
                                     United States Attorney
18

19                             By:  /s/ Alstyn Bennett        ____
20                                  ALSTYN BENNETT
                                    Special Assistant U.S. Attorney
21

22                                  /s/ Linda Allison         _____
23                                  LINDA ALLISON
                                    Assistant Federal Defender
24                                  Counsel for Defendant
                                    (Per 9/16/2020 email authorization from
25                                  Linda Allison)

26  / / /

27  / / /

28  / / /

**FINDINGS AND ORDER**

IT IS SO ORDERED that the status conference is vacated as set forth above, and a jury trial is set for January 14, 2021 at 9:30 a.m.

The Court has considered all of the factors listed above and specifically finds that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial. The Court orders that time under the Speedy Trial Act shall be excluded from September 17, 2020, to January 14, 2021, under Local Code T4.

FOUND AND ORDERED.

Dated:  September 17, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE